By the Court. Duer, J.
We decline to consider the objections that have been raised to the validity of the plaintiff’s mortgage, or to his right to claim its prior satisfaction, since we entirely agree with the Judge at Special Term, that they are objections which this defendant is not at liberty to urge.'
The terms on which he purchased the property, and his own acts and declarations in relation to it, have created an estoppel from which, without a plain violation of well settled rules of equity, he cannot be discharged.
By the terms of sale the mortgaged premises, when purchased by the defendant, were declared to be “subject to a prior mortgage of $3000 with interest, from the 1st of May, 1851; also a mortgage for $700 and interest, from 10th of August, 1850this second mortgage being that which is now in suit. These words were inserted by the direction of the defendant, and, in our judgment, they reasonably admit of but one interpretation. They were a notice to every person, desiring to purchase, that it was an equity of redemption only that was to be sold, and that both the mortgages were existing encumbrances which it would be necessary to satisfy in order to complete the title. This is the meaning which the words naturally and immediately suggest, nor can we at all doubt that it was in this sense that the defendant, when he caused the words to be inserted, meant that they should be understood by those who might attend the sale; and it is, therefore, by the meaning thus conveyed, that he, emphatically, is bound. If believing that the words would thus be understood by other bidders, he meant to give them a different and more favorable interpreta *223 tion in case he should become the purchaser himself, he was guilty of an intentional fraud—an intention which we certainly shall not impute to him.
We, therefore, with no hesitation, reject the interpretation that upon the argument was attempted to be given to the words “ also a mortgage of $700,” &c., namely, that they merely declare the fact that this mortgage existed, not that the premises sold would be liable to its payment. The word “ also ” clearly shows th§t the word “ subject,” in the beginning of the clause, was meant to apply to the second as well as to the first mortgage, and the omission of the word “ prior ” we regard as immaterial. It was doubtless omitted because the second mortgage, although, as first recorded it was a prior lien, was not prior in date to that under which the sale was made.
It was not denied by the able counsellor the defendant that if the clause in question had been inserted in the sheriff’s deed, it must have received the interpretation that we have stated, nor that, if thus inserted, it would have barred the defence that has been relied on; but we are clearly of opinion that we are bound to give the same construction to the terms of sale that must have been given to the deed, and that the estoppel thus created is as absolute in the one case as it would have been in the other. If the words were proper to be inserted in the deed, the defendant, the attorney who conducted the proceeding and dictated the terms of sale, was bound to insert them, and would never be permitted, as a purchaser, to take advantage of the omission. Were it necessary, it would be our duty as a court of equity to order the deed to be reformed; but no such necessity exists, since parole evidence in a case like the present is always admissible to show what were the terms of sale and the true nature of the contract, when its admission is necessary to prevent a fraud; and but a little reflection is necessary to convince us, that to permit a person who has purchased real estate, declared at the time to be subject to an encumbrance of a certain amount, subsequently to dispute, for his own benefit, the validity of the encumbrance, would be, in all cases, to sanction a fraud. When the sale is made under a mortgage it must *224 always operate as a fraud upon the mortgagor or mortgagee, since the price of the property is certain to he diminished by the whole sum declared to be due upon the prior encumbrance.
Regarding the case as a very plain one, we have not deemed it necessary to support our views by a reference to adjudged cases, but, in addition to the cases cited by the counsel for the plaintiff, we may refer to the observations of Hr. Justice HcCoun in a recent case in the Court gf Appeals (if not to the actual jndgment of the court, which perhaps was on a different ground) as an authority, which, considering the experience as an equity lawyer of that learned judge, is entitled to far more than ordinary weight. (Rawson v. Lampman, 1 Seld. 462.) The objection as to parties seems not to have been taken at special term, and -was not much pressed on the argument before us,—it is not tenable. HcGarvey and his wife are barred by the judgment in the former action, and judgment creditors are, in no case, necessary parties. If the defendant has succeeded to the rights of any of the judgment creditors, his rights will not be affected by the affirmance of this judgment.
The judgment at Special Term is affirmed with costs.